# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| TONYA DAVIS | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 6:12-cv-312-MHS |
| | § | |
| JPMORGAN CHASE BANK, N.A. | § | |

## MEMORANDUM OPINION ON ORDER GRANTING SUMMARY JUDGMENT

On January 28, 2014, the Court issued a preliminary order granting Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment (Doc. No. 75). The following memorandum opinion sets forth the Court's reasoning.

**I.     BACKGROUND**

In 2008, Plaintiff Tonya Davis purchased a home in Smith County, Texas (the Property) with a loan from Defendant JPMorgan Chase Bank, N.A. To secure the loan, Plaintiff executed a promissory note (the Note) and a deed of trust that named Defendant as the beneficiary. Plaintiff stopped making payments in April 2010. In view of the missed payments, Defendant accelerated the loan and demanded the remaining balance.

On July 18, 2011, the Property was destroyed by fire. Plaintiff's insurance company covered the loss, and Plaintiff sent the insurance proceeds to Defendant. Plaintiff told Defendant to use the funds to pay off her loan. Defendant determined that the insurance proceeds did not cover the remaining balance on the loan and instead deposited the funds into a restricted escrow account.

Starting in October 2011—when Defendant received the insurance check—Plaintiff and Defendant had numerous oral and written exchanges to address applying the insurance proceeds to pay down the loan and to determine the remaining balance. The parties were unable to reach

agreement, and Plaintiff filed this action alleging that Defendant mishandled the insurance proceeds and improperly refused to accept payment on her loan.

## II. LEGAL STANDARD

The Court should grant a motion for summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). A fact is material if it might affect the outcome of the suit under the governing law. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon*, 560 F.3d at 326. When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Sossamon*, 560 F.3d at 326.

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (internal quotation omitted). If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Id.* (internal quotation omitted). If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 256; *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008); *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996). The nonmovant's

burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 586–87; *U.S. ex rel. Farmer*, 523 F.3d at 337; *Duffie*, 600 F.3d at 371.

## III. DISCUSSION

Plaintiff asserts numerous causes of action against Defendant: (1) breach of contract; (2) violation of the Texas Deceptive Trade Practices Act; (3) violation of the Texas Insurance Code; (4) declaratory relief; (5) negligent misrepresentation; (6) fraud by nondisclosure; (7) violations of the Texas Debt Collection Act; (8) common law unreasonable collection efforts; and (9) intentional infliction of emotional distress. Plaintiff also seeks injunctive relief, exemplary damages, and attorney's fees. For the reasons discussed more fully below, the Court finds no genuine factual disputes as to each claim.

### A. Breach of Contract

The parties stipulate to the validity of the contract, but they each accuse the other of breaching their agreement. Plaintiff alleges that Defendant improperly refused to apply the insurance proceeds to the loan balance and demanded more than she owed. Defendant argues that Plaintiff breached the Note when she stopped making payments, that she never tendered full payment, and that she demanded action not required by the documents.

To establish her breach of contract claim, Plaintiff must prove that she performed or tendered performance. *Am. Gen. Life Ins. Co. v. Kirsh*, 378 F. App'x 379, 383 (5th Cir. 2010) (listing the elements of a breach of contract claim as a valid contract, performance or tendered performance, breach, and damages). The parties dispute whether a factual issue exists as to this element.

In support of its motion for summary judgment, Defendant recites the following uncontested facts: Plaintiff breached the Note when she stopped making payments in April 2010,

Defendant accelerated the loan pursuant to its right under the parties' agreement, and Plaintiff never sent Defendant sufficient funds to pay the balance of the loan. According to Defendant, anything short of full payment was insufficient. Plaintiff responds that she told Defendant she was ready and willing to perform under the contract. According to Plaintiff, this amounts to tender of full performance.

Plaintiff agrees that the insurance proceeds were insufficient to pay off the loan, and she offers no evidence that she sent any additional funds to Defendant. A tender requires an unconditional offer by a debtor to pay the full amount due. *Baucum v. Great Am. Ins. Co. of New York*, 370 S.W.2d 863, 866 (Tex. 1963); *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 320 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (stating that an offer to pay anything less than full the amount due is not an effective tender). Rather than sending full payment, Plaintiff told Defendant she was prepared to pay the loan if she received a written statement listing the correct payoff amount. But the law requires actual tender of payment in full, which Plaintiff agrees she never did. *Baucum*, 370 S.W.2d at 866 (finding that a valid tender of money requires actual production of the funds); *cf. Perry v. Little*, 419 S.W.2d 198, 200–01 (Tex. 1967) (finding an absolute, unconditional offer is not required when the promise does not involve payment of money). Accordingly, the uncontested facts demonstrate that Plaintiff did not tender full performance.

But a debtor who is "ready, willing, and able" to satisfy her obligations may be excused from nonperformance if she can present a valid excuse. *Roberts v. Clark*, 188 S.W.3d 204, 209 (Tex. App.—Tyler 2002, pet. denied). Under this alternative theory, Plaintiff argues that she failed to tender full performance because Defendant prevented her from doing so. Specifically, Plaintiff presents evidence that Defendant provided several inaccurate and inconsistent payoff

quotes (both written and oral). She also claims Defendant improperly failed to apply the insurance proceeds to the loan balance. Thus, Plaintiff concludes that although she was ready, willing, and able to pay off the remaining loan balance, her failure to do so is excused under these circumstances.

The parties provided evidence of several payoff quotes that Defendant sent at Plaintiff's request between October 2011 and January 2012. Plaintiff points out that some of these quotes were inconsistent. For example, two quotes that expired October 31, 2011 indicated a discrepancy of $140. Two more quotes that expired in February 2012 showed an even greater discrepancy. Furthermore, Defendant provided an oral payoff quote—accounting for the insurance proceeds—that was several thousand dollars more than Plaintiff actually owed. In addition to her concern over the discrepancies, Plaintiff testified that she wanted Defendant to apply the insurance proceeds to the balance and provide a written quote that accounted for the insurance proceeds. Plaintiff argues that this evidence creates a genuine and material fact issue: whether the inaccurate and inconsistent information from Defendant prevented her from making a full payment.

This is not a case where Plaintiff tendered the balance due based on the information available to her. Instead, the undisputed facts show that she made no tender at all. Plaintiff had the ability to rely on any one of the payoff quotes, calculate the balance, and tender that amount, yet she did not. Accordingly, Plaintiff has not established a genuine factual issue that Defendant prevented her from satisfying her obligation to pay. *See O'Shea v. Int'l Bus. Machs. Corp.*, 578 S.W.2d 844, 846 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) (finding as a matter of law that nonperformance is not excused when other party fails to correct mistaken

belief that performance was complete); *Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*, No. 05-12-00492-CV, 2013 WL 6097965, at *20 (Tex. App.—Dallas 2013, no pet. h.).

Considering the facts in the light most favorable to Plaintiff, Plaintiff did not perform all of her obligations under the loan, and her nonperformance was not excused. Thus, the Court **GRANTS** summary judgment against Plaintiff on her breach of contract claim.

### B. Texas Deceptive Trade Practices Act (DTPA) Violations

Defendant also argues that it is entitled to judgment as a matter of law on Plaintiff's DTPA claims because Plaintiff lacks standing and is not a "consumer" under the statute.

To meet the DTPA standing requirement, a plaintiff must plead and prove sufficient facts to establish that she is a consumer as defined in the DTPA. Tex. Bus. & Com. Code § 17.50(a) (Vernon 2005); *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 735 (E.D. Tex. 2011). Borrowing money does not confer consumer status. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981). Accordingly, the Court finds that Plaintiff lacks consumer standing under the DTPA and **GRANTS** summary judgment as to Plaintiff's DTPA claim.

### C. Texas Insurance Code Violations

Plaintiff alleges that Defendant violated Texas Insurance Code §§ 557.002 and 557.003. These provisions only apply when a lender holds insurance proceeds until repairs are completed. Tex. Ins. Code §§ 557.002 & 557.003. Because the property was never repaired, these provisions are inapplicable. Accordingly, the Court **GRANTS** summary judgment on Plaintiff's Insurance Code claim.

### D. Declaratory Relief

Defendant moves for summary judgment on Plaintiff's request for declaratory relief, arguing no dispute exists. Specifically, Defendant notes that the parties agree as to the amount of the insurance proceeds and that the proceeds are insufficient to pay off Plaintiff's loan. Plaintiff

responds that the following issues require court intervention: (1) whether Defendant properly assessed interest and fees after Plaintiff tendered full performance, and (2) whether Defendant must apply the insurance proceeds before demanding full payment.

As address earlier, Plaintiff did not tender performance. Thus, her argument as to interest and fees is without merit. Furthermore, Plaintiff's own rebuttal evidence shows that as of January 31, 2012, Defendant credited Plaintiff's account with the insurance proceeds and demands only the difference (Doc. No. 50-10). Plaintiff presents no contrary evidence.

The Court agrees with Defendant that there is no "substantial controversy between parties having adverse legal interests" for this Court to issue a declaratory judgment under 28 U.S.C. § 2201. *Johnson v. Onion*, 761 F.2d 224, 225 (5th Cir. 1985). Accordingly, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's declaratory judgment claim.

### E. Negligent Misrepresentation

Defendant argues that Plaintiff's negligent misrepresentation claim is prohibited as a matter of law under the economic-loss doctrine, which precludes recovery in tort for breach of a contractual duty. Plaintiff responds that not all of her claims arise from the contractual agreement.

Plaintiff alleges that Defendant made the following misrepresentations: (1) failing to disclose that it intended to hold the check indefinitely in a restricted escrow account; (2) that those funds would not be used to pay off the loan; (3) and that Defendant would continue its foreclosure efforts. These complaints each relate directly to the parties' obligations under the contract. Thus, as a matter of law, they cannot form the basis of Plaintiff's negligent misrepresentation claim. *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 750 (E.D. Tex. 2013) (stating that "liability must arise independent of the fact that a contract exists between the parties; the defendant must breach a duty imposed by law rather than by the contract").

Accordingly, the Court **GRANTS** summary judgment against Plaintiff's negligent misrepresentation claim.

### F. Fraud by Nondisclosure

Plaintiff accuses Defendant of fraud by nondisclosure because Defendant did not disclose that it would deposit the insurance proceeds in a restricted account and continue its foreclosure efforts. Defendant argues that it acted pursuant to the contract and had no duty to disclose. Defendant also argues that Plaintiff was not injured by the nondisclosure.

The terms of the agreement required Plaintiff to turn over the insurance check and authorized Defendant to continue foreclosure proceedings until it received full payment. Defendant had no duty to explain the parties' contractual rights to Plaintiff. *See First City Mortg. Co. v. Gillis*, 694 S.W.2d 144, 146–47 (Tex. App.—Houston [14th Dist.] 2003, writ ref'd n.r.e.) (noting that "the contents of a written contract is not the kind of information that a [party] is required to disclose" and that "[i]t is well settled that the parties to a contract have an obligation to protect themselves by reading what they sign."). Therefore, Plaintiff cannot establish an essential element of her fraud by nondisclosure claim: Defendant's duty to disclose. *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 507 n.27 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Accordingly, the Court **GRANTS** summary judgment against Plaintiff's fraud by nondisclosure claim.

### G. Texas Debt Collection Act (TDCA) Violations

Plaintiff argues that Defendant violated the TDCA when it posted the property for foreclosure and charged additional interest. These arguments are founded on Plaintiff's position that she tendered performance. But, as discussed above, Plaintiff never tendered full

performance. Accordingly, the Court **GRANTS** summary judgment against Plaintiff's TDCA claim.

### H. Unreasonable Collection Efforts

Plaintiff argues that Defendant engaged in unreasonable conduct when it repeatedly threatened foreclosure, made an excessive number of telephone calls, and demanded that Plaintiff pay the loan balance in full before Defendant would credit and refund the insurance proceeds. Defendant argues that Plaintiff has presented no evidence that could rise to the level of egregious conduct actionable under an unreasonable collection efforts theory.

Plaintiff admits she defaulted on her loan. Thus, Defendant had a contractual right to demand full payment and foreclose on the Property. When money is owed, the lender does not act unreasonably when it forecloses or otherwise attempts to collect the funds pursuant to the contractual remedies, even if the debtor disputes the amount owed. *See DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 624–25 (N.D. Tex. 2011), *aff'd*, 477 F. App'x 200 (5th Cir. 2012). Here, Plaintiff not does allege or assert any facts showing that she ever cured the default. Therefore, Plaintiff cannot, as a matter of law, establish that Defendant's attempts to collect the debt pursuant to the contract were unreasonable.

Finally, in her affidavit, Plaintiff states that Defendant's records indicate 16 calls to Plaintiff's work in a two-day period. Accepting as true Plaintiff's allegations (which are unsupported by the call records submitted), Plaintiff has not created a genuine factual dispute that Defendant's acts were "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.); *see also Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 865 (5th Cir. 2013) (holding that plaintiff's "self-serving and unsupported statement" that defendant "made phone calls 8–10 times per day" was not enough to raise a genuine dispute of material fact when call

records indicated the opposite); *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 330 (5th Cir. 2013) (holding that plaintiff's "unsupported speculation" that defendant acted "knowingly or with reckless disregard" is not enough to survive summary judgment).

Thus, the Court **GRANTS** summary judgment against Plaintiff's unreasonable collection efforts claim.

### I. Intentional Infliction of Emotional Distress

Plaintiff also asserts a claim for intentional infliction of emotional distress. This is a "gap-filler" claim intended to provide a remedy in the unusual circumstance that no other theory of redress is available. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). It is not intended to replace or duplicate other remedies. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005).

Plaintiff asserted eight additional causes of action. While these claims lack merit, Plaintiff had numerous recognized theories of redress. Accordingly, the Court **GRANTS** summary judgment against Plaintiff's claim for intentional infliction of emotional distress as a matter of law.

### J. Injunctive Relief, Exemplary Damages, and Attorney's Fees

Because the Court grants summary judgment on each of Plaintiff's substantive causes of action, the Court accordingly **DISMISSES AS MOOT** her requests for specific remedies, including injunctive relief, exemplary damages, and attorney's fees. *See, e.g.*, *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 71 (Tex. App.—Houston [14th Dist.] 1996)), *aff'd as modified on other grounds*, 975 S.W.2d 546 (Tex. 1998); *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 665 (Tex. 1995) (citation omitted).

## IV. CONCLUSION

For each of Plaintiff's asserted claims, Defendant demonstrated the absence of a genuine issue of material fact. Plaintiff has not rebutted with sufficient evidence to raise a genuine fact issue for trial. Plaintiff defaulted on her loan and never tendered full payment. Pursuant to its rights under the agreement, Defendant accelerated the loan, demanded the insurance proceeds, charged interest, and sought foreclosure. As a matter of law, Defendant's actions were not a breach of contract. Plaintiff's other claims are equally without merit. Accordingly, the Court **GRANTS** the Defendants' motion for summary judgment in its entirety (Doc. No. 43).

**It is SO ORDERED.**

**SIGNED this 12th day of February, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE